

*1042301463*

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

EARL MOONEY, )
MATTHEW LAWSON, and ) Jury Trial Demanded
TERRAN MARROW, )
 ) Attorney Lien Claimed
 Plaintiffs, )
 ) **CJ-2018-04813**
 ) Case No.:
vs. )
 ) DANA LYNN KUEHN
VIC REGALADO, in his official capacity, )
BOARD OF COUNTY COMMISSIONERS ) DISTRICT COURT
OF TULSA COUNTY, and ) **F I L E D**
RICKARDO ORLANDO WILLIAMS, )
 ) NOV 2 6 2018
 Defendants. )
 DON NEWBERRY, Court Clerk
 STATE OF OKLA. TULSA COUNTY

## PETITION

COME NOW the Plaintiffs, Earl Mooney, Matthew Lawson and Terran Marrow ("Plaintiffs"), by and through her attorneys of record, and for their causes of action against the Defendants, submit and set forth as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are a citizens of Oklahoma, residing in Tulsa County, Oklahoma.

2. Defendant Vic Regalado ("Sheriff Regalado" or "Regalado") is the current Sheriff of Tulsa County, Oklahoma, residing in Tulsa County, Oklahoma and acting under color of state law. Defendant Regalado is sued purely in his official capacity. It is well-established, as a matter of Tenth Circuit authority, that a § 1983 claim against a county sheriff in his official capacity "is the same as bringing a suit against the county." *Martinez v. Beggs,* 563 F.3d 1082, 1091 (10th Cir. 2009). *See also Porro v. Barnes,* 624 F.3d 1322, 1328 (10th Cir. 2010); *Bame v. Iron Cnty.,* 566 F. App'x 731, 737 (10th Cir. 2014). As Tulsa County Sheriff, Regalado is, in essence, a governmental entity. As Tulsa Sheriff, in his official

1

**DEFENDANTS' EXHIBIT A**

capacity, Sheriff Regalado is responsible for County/Tulsa County Sheriff's Office ("TCSO") rules, regulations, policies, practices, procedures, and/or customs, including the policies, practices, procedures, and/or customs that violated Plaintiffs' rights as set forth in this Petition.

3.  Defendant Board of County Commissioners of Tulsa County ("BOCC") is a statutorily-created governmental entity. 57 Okla Stat. § 41 provides that "[e]very county, by authority of the board of county commissioners and at the expense of the county, shall have a jail or access to a jail in another county for the safekeeping of prisoners lawfully committed." (emphasis added).  BOCC must discharge its responsibilities to the Tulsa County Jail in a constitutional manner. BOCC is properly sued under the provisions of the Oklahoma Governmental Tort Claims Act ("GTCA"), including claims for violation of the Oklahoma Constitution.

4.  Defendant Rickardo Orlando Williams ("Williams" or "Officer Williams") was at all times relevant hereto, an employee and/or agent of  Tulsa County/TCSO, who was, in part, responsible for overseeing Plaintiffs' health, safety and well-being, during the time they were in the custody of TCSO.  At all times pertinent, Williams was acting within the scope of his employment and under color of State law. Officer Williams is being sued in his individual capacity.

5.  Prior to bringing this case, Plaintiffs complied with the tort claim notice provisions of the Oklahoma Government Tort Claim Act ("GTCA"), 51 O.S. § 151, *et seq* by notifying Defendants of their intent to file state law claims in connection with the events and injuries described herein. The GTCA process has been exhausted. This initial action was timely brought pursuant to 51 O.S. § 157.

2

**DEFENDANTS' EXHIBIT A**

6. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

7. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

## STATEMENT OF FACTS

8. Paragraphs 1-7 are incorporated herein by reference.

9. Plaintiff Earl Mooney was an inmate at the Tulsa County Jail in pod J13 when he was subjected to sexual misconduct on the part of Officer Williams.  These incidents involved Officer Williams physically touching Mr. Mooney in a sexual manner on a number of occasions. This conduct includes Officer Williams simulating sexual acts while standing behind Mr. Mooney, touching his chest, and touching his buttocks in a sexual manner.

10. Officer Williams' physical contact with Mr. Mooney and sexual conduct as described herein was nonconsensual.

11. Plaintiff Matthew Lawson was an inmate at the Tulsa County Jail when he was subjected to sexual misconduct on the part of Officer Williams.  These incidents involved Officer Williams physically touching Mr. Lawson in a sexual manner on a number of occasions.

12. Officer Williams' physical contact with Mr. Lawson and sexual conduct as described herein was nonconsensual.

13. Plaintiff Terran Marrow was an inmate at the Tulsa County Jail when he was subjected to sexual misconduct on the part of Officer Williams.  These incidents involved Officer Williams physically touching Mr. Marrow in a sexual manner on a number of occasions.

14. Officer Williams' physical contact with Mr. Marrow and sexual conduct as described herein was nonconsensual.

15. These incidents described herein occurred in May of 2017.

**DEFENDANTS' EXHIBIT A**

16. Williams' conduct as described herein was a direct and proximate cause of Plaintiffs' injuries and damages, including severe mental anguish, suffering and humiliation.

17. There is a causal link between the violation of Plaintiffs' rights described herein and policies or customs which TCSO promulgated, created, implemented or possessed responsibility for.

18. On information and belief, TCSO leadership was aware, through actual or constructive knowledge, that Officer Williams posed a substantial risk of harm, namely sexual assault, to the inmates, but failed to take reasonable measure to alleviate those risks.

19. TCSO failed to adequately train Williams, and other similarly situated officers, with deliberate indifference to the harm likely to result.

20. TCSO failed to adequately supervise and monitor Williams, and other similarly situated officers, and inmates housed in J-Pod, with deliberate indifference to the harm likely to result.

## CAUSES OF ACTION

**I.     Violation of Plaintiffs' Eighth and/or Fourteenth Amendment Rights
        (42 U.S.C. § 1983)**

21. Paragraphs 1-20 are incorporated by reference herein.

22. Officer Williams, through the unwanted sexual misconduct and touching described herein, violated Plaintiffs' constitutional right to be free of excessive force, right to bodily integrity and right to be protected from sexual misconduct and assault.

23. Williams' conduct as described herein was a direct and proximate cause of Plaintiffs' injuries and damages, including severe mental anguish, suffering and humiliation.

4

**DEFENDANTS' EXHIBIT A**

24. There is a causal link between the violation of Plaintiffs' rights described herein and policies or customs which TCSO promulgated, created, implemented or possessed responsibility for.

25. On information and belief, TCSO leadership was aware, through actual or constructive knowledge, that Officer Williams posed a substantial risk of harm, namely sexual assault, to the inmates, but failed to take reasonable measure to alleviate those risks.

26. TCSO failed to adequately train Williams, and other similarly situated officers, with deliberate indifference to the harm likely to result.

27. TCSO failed to adequately supervise and monitor Williams, and other similarly situated officers, and inmates housed in J-Pod, with deliberate indifference to the harm likely to result.

**II.     Violation of Plaintiffs' Rights Under the Oklahoma Constitution**

28. Officer Williams, through the unwanted sexual misconduct and touching described herein, violated Plaintiffs' constitutional right, under the Oklahoma Constitution, to be free of excessive force, right to bodily integrity and right to be protected from sexual misconduct and assault.

29. Williams' conduct as described herein was a direct and proximate cause of Plaintiffs' injuries and damages, including severe mental anguish, suffering and humiliation.

30. There is a causal link between the violation of Plaintiffs' rights described herein and policies or customs which TCSO promulgated, created, implemented or possessed responsibility for.

5

**DEFENDANTS' EXHIBIT A**

31. On information and belief, TCSO leadership was aware, through actual or constructive knowledge, that Officer Williams posed a substantial risk of harm, namely sexual assault, to the inmates, but failed to take reasonable measure to alleviate those risks.

32. TCSO failed to adequately train Williams, and other similarly situated officers, with deliberate indifference to the harm likely to result.

33. TCSO failed to adequately supervise and monitor Williams, and other similarly situated officers, and inmates housed in J-Pod, with deliberate indifference to the harm likely to result.

34. BOCC and/or Sheriff Regalado are vicariously liable for the violation of Plaintiffs' rights under the Oklahoma Constitution.

35. BOCC and/or Sheriff Regalado are also liable for their own conduct as described above with respect to Plaintiffs' claims under the Oklahoma Constitution.

WHEREFORE, based on the foregoing, Plaintiffs pray that this court grant them the relief sought, including but not limited to actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs, attorney fees and such other relief as the Court deems just and equitable.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA #19943
701 S. Cincinnati Ave.
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
danielsmolen@ssrok.com

*Attorneys for Plaintiff*

6

**DEFENDANTS' EXHIBIT A**