## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

EARL MOONEY, MATTHEW LAWSON,    )
and TERRAN MARROW,    )
    )
        Plaintiffs,    )
    )
v.    )    Case No. 19-CV-462-TCK-CDL
    )
VIC REGALADO, in his official    )
capacity as SHERIFF OF TULSA COUNTY,    )
    )
        Defendant.    )

## OPINION AND ORDER

Before the Court is the Motion to Dismiss of the defendant, Vic Regalado ("Regalado" or "Sheriff Regalado") (Doc. 7), Plaintiff's Response to said motion (Doc. 11), and Sheriff Regalado's Reply (Doc. 16).  Initially, Plaintiff brought two causes of action in their Complaint (Doc. 2). The first was based upon 42 U.S.C. § 1983, for the alleged violation of "Plaintiff's Eighth and/or Fourteenth Amendment Rights." Complaint at pp. 4-5, ¶¶ 21-27 (Doc. 2). Plaintiff's second cause of action was based upon an abrogated state constitution-based theory which Plaintiffs now concede is no longer viable under Oklahoma law.

### I. Allegations of the Complaint

Plaintiffs Earl Mooney ("Mr. Mooney"), Matthew Lawson ("Mr. Lawson") and Terran Marrow ("Mr. Marrow") were inmates at the Tulsa County Jail ("Jail") in 2017. All three of these men were subjected to various acts of sexual misconduct committed by Defendant Rickardo Orlando Williams ("Officer Williams" or "Williams") in May of 2017. Plaintiffs claim Williams

"repeatedly humiliated Plaintiffs by forcibly engaging in unwanted sexual acts with them." These acts included "simulating sexual acts while standing behind Mr. Mooney, touching his chest, and touching his buttocks in a sexual manner[]"; "physically touching Mr. Lawson in a sexual manner on a number of occasions[]"; and "physically touching Mr. Marrow in a sexual manner on a number of occasions." See Complaint at ¶¶ 9-14.  It is undisputed that all of these acts were nonconsensual. Id.[1]

Defendants' claim that Williams' conduct resulted only in de minimis harm. However, Plaintiffs contend Williams repeatedly sexually harassed and abused Plaintiffs in a manner that is certainly "inconsistent with contemporary standards of decency." See *Estelle v. Gamble*, 97 S.Ct. 285, 290-292, 429 U.S. 97, 103 (1976).  In 1958, the United States Supreme Court found "[t]he [Eighth] Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 78 S.Ct. 590, 598, 356 U.S. 86, 100–01 (1958) (emphasis added).[2]

**II. Applicable Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded

---

[1] Williams plead guilty on January 29, 2019 to two counts of sexual battery in Tulsa County District Court and received a four-year suspended sentence. See *State of Oklahoma v. Williams*, Case No. CF-2017-3188 (Tulsa County District Court 2017). Williams was required to register as a sex offender. Plaintiff's Response Br. at 2 (Doc. 11). "[W]hen Williams was first questioned about his sexual misconduct, he denied the allegations, demonstrating his culpable state of mind. Only when presented with conclusive video evidence did Williams decide to tell the truth." Id.

[2] Plaintiffs' Complaint does not identify whether Plaintiffs were pretrial detainees or were being held post-conviction. This distinction matters as to whether their Section 1983 claims arise under the Fourteenth or Eight Amendment.

claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

### III. Analysis

On November 26, 2018, Plaintiffs filed their Petition in Tulsa County District Court, and Defendants subsequently filed their Notice of Removal. See Petition; Notice of Removal (Doc. 2). Plaintiff's federal claims are brought against Sheriff Regalado in his official capacity. A claim against a state actor in his official capacity, such as Sheriff Regalado, "is essentially another way of pleading an action against the county or municipality" he represents and is considered under the standard applicable to § 1983 claims against municipalities or counties. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). See also *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Typically, courts will not hold a municipality liable without proof of an "underlying constitutional

violation by [one] of its officers." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002). The Court finds the Complaint includes ample and plausible allegations that Williams, a former Tulsa County Sheriff's Office ("TCSO") detention officer, violated Plaintiffs' Eighth Amendment rights.

The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "Sexual abuse of an inmate by an officer violates the Eighth Amendment." *Graham v. Sheriff of Logan County*, 741 F.3d 1118 (10th Cir. 2013). See also, *Giron v. Corrs. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999). ("Like the rape of an inmate by another inmate, sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is 'simply not part of the penalty that criminal offenders pay for their offenses against society.'") (internal citation omitted) (emphasis added).

**A. Plaintiffs Have Satisfied the Subjective Prong of the Excessive Force Analysis**

"Sexual abuse of a prisoner by a guard is generally analyzed as an excessive force claim." *Graham*, 741 F.3d at 1123. An excessive force claim typically involves two prongs: "(1) an objective prong that asks 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind.'" *Giron*, 191 F.3d at 1289 (internal citations and quotation marks omitted). "The subjective prong turns on whether the officer acted maliciously and sadistically." *Graham*, 741 F.3d at 1123.

Further, "[w]here no legitimate penological purpose can be inferred from a prison employee's alleged conduct, including but not limited to sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used 'maliciously and sadistically for the very purpose of causing harm.'" *Giron*, 191 F.3d at 1290 (quoting *Whitley v. Albers*, 106 S.Ct. 1078,

4

1081, 45 U.S. 312, 313 (1986)). Indeed, "[c]ourts have repeatedly recognized that because no legitimate law enforcement or penological purpose can be inferred by the sexual abuse by a prison official, the sufficiently culpable state of mind is present to violate the prisoner's constitutional rights." *Smith v. Cochran*, 216 F.Supp.2d 1286, 1292 (N.D. Okla. 2001) (emphasis added). See also, *Jordan v. Gardner et. al*, 986 F.2d 1521, 1524-31 (9th Cir. 1993); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997). Williams' conduct, as plead in Plaintiffs' Complaint, constitutes sexual abuse with no penological purpose. Therefore, the subjective prong has been satisfied. See Complaint at ¶¶ 9-14, 22, 28.

**B. Plaintiffs' Have Satisfied the Objective Prong of the Excessive Force Analysis**

For the objective prong of the excessive force analysis in the context of sexual abuse of an inmate, "it does not require that a prisoner show a significant injury to pursue an Eighth Amendment claim. *Graham*, 741 F.3d at 1123 (internal quotation marks omitted). Indeed, the Supreme Court has held that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Hudson v. McMillian*, 112 S.Ct. 995, 997, 503 U.S. 1, 4 (1992). "[T]he core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 999, 503 U.S. at 7. The respondents in *Hudson* attempted to argue for a "significant injury" requirement regarding the objective component of an Eighth Amendment analysis. Id. at 1000, 503 U.S. at 8. However, the Supreme Court rejected that argument, instead stating that "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue...the Eighth Amendment's prohibition of cruel and unusual punishments draws its meaning from the evolving standards of decency that

mark the progress of a maturing society, and so admits of few absolute limitations." Id. (internal citations and quotation marks omitted) (emphasis added).

Plaintiffs allege Williams inappropriately, and without consent, physically touched all three of them in a sexual manner several times, even simulating sexual acts while standing behind Mr. Mooney on at least one occasion. See Complaint at ¶¶ 9-14. Plaintiffs further contend "Williams' conduct is especially troubling considering the increased risk of sexual assault that inmates often face. Further, while society may have at one time – even in the very recent past – discounted Plaintiffs' claims as frivolous or cowardly – they are very serious allegations. And, importantly, federal courts across the country are starting to expand the types of unwanted sexual acts that constitute a constitutional violation." Plaintiffs' Resp. at 6 (Doc. 11).

On February 10, 2020, the Tenth Circuit Court of Appeals issued its Opinion in *Ullery v. Bradley,* 949 F.3d 1282 (10t Cir. 2020). This case involved alleged staff-on-inmate sexual misconduct, and the *Ullery* Court affirmed the denial of a defendant's motion to dismiss based on qualified immunity. The *Ullery* Opinion is relevant here for its elucidation of what constitutes an Eighth Amendment violation in the context of sexual harassment/sexual assault in a correctional setting:

> In sum, persuasive out-of-circuit authority addressing the constitutional right in question was not divided or otherwise unclear following the Second Circuit's decision in Crawford I. Defendant violated clearly established Eighth Amendment law by: (1) approaching Plaintiff from behind and forcibly pressing his genitals into her buttocks while lasciviously moaning "mmmmmm" in her ear; (2) purposefully and knowingly using physical force against Plaintiff by touching her breasts; and (3) forcibly grabbing and fondling Plaintiff's crotch without her consent. Moreover, based on the consensus of persuasive authority addressing the right in question, any one of these three uses of force on its own—regardless of whether Plaintiff's allegations are viewed in isolation or as a pattern of pervasive sexual abuse— violated clearly established law. Defendant does not point to a single decision from this circuit or a published

6

opinion from one of our sister circuits—and we have found none—
shedding doubt on our conclusion today. Rather, the unanimity among
our sister circuits since Crawford I demonstrates the constitutional
question here is "beyond debate." See *Cummings*, 913
F.3d at 1239.

*Ullery*, 949 F.3d at 1300.

Sheriff Regalado's primary argument for dismissal is that Defendant Williams' underlying

conduct was not "sufficiently serious enough to establish cognizable Eighth Amendment Claims."

See Doc. #7 at 9. The *Ullery* Opinion provides support for Plaintiffs' position that Sheriff

Regalado's arguments lack merit. The Court finds Plaintiffs' Complaint contains sufficient factual

allegations which "survive a motion to dismiss, …[and] contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV. Conclusion

Accordingly, based on the foregoing analysis Defendant's Motion to Dismiss (Doc.7) is

denied.

**IT IS SO ORDERED this 23rd day of March, 2021.**

**TERENCE C. KERN**
**United States District Judge**