IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL MOONEY, MATTHEW LAWSON, and TERRAN MARROW, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  Case No. 19-cv-00462-TCK-SH ) |
| VIC REGALADO, in his official capacity as SHERIFF OF TULSA COUNTY, et al., | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the motion of Defendant Vic Regalado, in his official capacity as Sheriff of Tulsa County ("Regalado"), seeking sanctions against Plaintiff Matthew Lawson ("Lawson"). Regalado asks the Court to dismiss Lawson's claims against him and to order Lawson to pay his expenses. The Court finds it is premature to order a dismissal sanction, but it will award Regalado's expenses.

**Background**

Plaintiffs brought this suit in 2018, asserting various claims against Regalado, the Board of County Commissioners of Tulsa County ("the County"), and Rickardo Orlando Williams ("Williams") relating to Williams' alleged sexual misconduct against them. (ECF No. 2-2.) Currently, Regalado is the only defendant in active litigation.[1]

On January 12, 2023, Regalado noticed the deposition of Lawson, which was to occur on January 17th. (ECF No. 91-2.) While counsel for Plaintiffs and Regalado appeared for the scheduled deposition, Lawson did not. (ECF No. 91-1.) Plaintiffs' counsel stated he spoke to Lawson and understood that Lawson had planned to attend

---

[1] The Court dismissed the County on September 16, 2020. (ECF No. 20.) Defendant Williams is currently in default. (ECF No. 43)

the deposition. (*Id.* at 3:24-4:2.) However, as of that morning, Lawson's phone number no longer worked, and counsel did not know where he was. (*Id.* at 4:2-6.)

As a result of Lawson's failure to attend, Regalado files this motion under Rules 37 and 41, asking that Plaintiff's claims against him be dismissed and that his reasonable attorney fees and costs be reimbursed. (ECF No. 91.) Counsel for Lawson sought, and received, additional time to respond to Regalado's motion (ECF Nos. 96, 98) but has filed no such response.[2]

## Analysis

**I.      Rule 37 Sanctions and Rule 41 Dismissal**

Pursuant to Rule 37, a court may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).[3] Such sanctions may include "dismissing the action or proceeding in whole or in part" and must include requiring the party who failed to attend, or their attorney, to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).

Similarly, Rule 41 provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

---

[2] Pursuant to LCvR 7-1(e), the Court has the discretion to deem Regalado's motion confessed. The Court will treat Regalado's factual statements as true, but it will independently analyze whether the relief requested is appropriate under applicable law.

[3] The rule further requires the movant to have, "in good faith[,] conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). The Court finds the on-record discussion between Regalado and Lawson's counsel as a sufficient certification of such a good-faith conference. (*See* ECF No. 91-1.)

## II. Dismissal – the *Ehrenhaus* Factors

As the Tenth Circuit has noted, "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). This sanction is used by courts only as a weapon of last resort. *Id.* ("In many cases, a lesser sanction will deter the errant party from further misconduct."); *see also Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (applying Rule 41). Because a district court's discretion to choose a sanction is limited to one that is both just and related to the particular claim at issue, *id.*, "[b]efore dismissing a case . . . under Rule 41 or 37[,] a district court should evaluate specific factors . . . ." *Ellis-Hall Consultants, LLC v. Hofmann*, No. 20-4040, 2022 WL 3972093, at *4 (10th Cir. Sept. 1, 2022) (unpublished).[4]

These factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) culpability of the litigant; (4) whether the court warned the litigant in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921; *see also Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) ("Rule 41(b) involuntary dismissals should be determined by refence to the *Ehrenhaus* criteria."). These factors are not applied as a rigid test, but instead "represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921. The factors are not exhaustive or necessarily given equal weight. *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an

---

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.7 (10th Cir. 1988) (abrogated on other grounds)). An isolated instance of noncompliance is not, by itself, "sufficient to warrant dismissal absent other justifying circumstances." *Id.*

### III. The *Ehrenhaus* Factors Weigh Against Dismissal

Applying the *Ehrenhaus* factors, the Court finds dismissal of Lawson's claims against Regalado to be premature.

#### A. Prejudice to Regalado.

First, regarding the degree of actual prejudice to Regalado, the Court finds that while he was prejudiced, the harm did not rise to a level sufficient to favor dismissal. Doubtless, "increased costs and delays are valid reasons to find actual prejudice." *See Ellis-Hall Consultants*, 2022 WL 3972093, at *4; *see also Ehrenhaus*, 965 F.2d at 921 (prejudice may include "delay and mounting attorney's fees"). Here, as Regalado alleges, he incurred attorney fees in preparing for and attending Lawson's deposition. Discovery was also slightly delayed, as Regalado was unable to obtain the deposition of a key party on the date noticed.

But such prejudice is mitigated by the fact that discovery has not yet closed. Regalado argues this deposition was "his only opportunity to prepare a defense" against Lawson's claims (ECF No. 91 at 3), yet the parties have since agreed to and obtained an order extending the schedule in this case (ECF Nos. 94-95). Assuming the amended scheduling order contains the dates requested, the discovery cutoff will move to April 10, 2023. Regalado still has time to depose Lawson.

Moreover, unlike other instances where a court has dismissed a party's claims, the costs and delays in this case have not mounted over an extended period of time due to

4

Plaintiff's non-compliance. *Cf. Ellis-Hall Consultants*, 2022 WL 3972093 at *1-3 (plaintiff and her counsel were so uncooperative and obstructive over multiple depositions and discovery requests that the court had to intervene, describing the case as "uncommonly difficult, torture"); *Kirby v. O'Dens*, No. 14-CV-388-GKF-PJC, 2015 WL 5918083, at *20 (N.D. Okla. Oct. 9, 2015) (plaintiffs "intentionally denied" defendants basic discovery for so long that the discovery deadline passed). Here, Plaintiff's failure to attend his deposition appears to be a single instance of noncompliance. The first factor does not weigh heavily in favor of dismissal.

### B. Interference with the Judicial Process.

Similarly, while Lawson's decision not to attend his deposition may have interfered with the judicial process by prolonging discovery—and expending court resources by requiring it consider this motion—this is not a case where Lawson has continuously flouted the Court's orders or otherwise acted in a dilatory manner. The second factor in the *Ehrenhaus* analysis would weigh more heavily in favor of dismissal were there "numerous extraneous filings, motions, and hearings" due to Lawson's prolonged dilatory conduct. *Ellis-Hall Consultants*, 2022 WL 3972093, at *5; *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (plaintiff engaged in extensive dilatory conduct regarding the designation/deposition of a Rule 30(b)(6) representative, requiring court intervention and depriving defendants the opportunity to depose a key witness); *Lopez v. Bernalillo Cnty. Sheriff's Dep't*, No. CV-02-277 JP/DJS, 2003 WL 27385141, at *1-3 (D.N.M. June 19, 2003) (plaintiff "obstructed the judicial process" by thwarting all efforts at "basic discovery"); *Kirby*, 2015 WL 5918083, at *10-20 (plaintiff engaged in "willful obstruction of discovery" through "inane, disruptive, and

5

sophomoric behavior," requiring the court consider 24 discovery motions, conduct "two lengthy discovery hearings," and preside over plaintiff's depositions at the courthouse).

This is the first time the Court has had to step in and arbitrate a discovery dispute involving Lawson.[5] Outside of his failure to attend the deposition at issue, Lawson has not acted in a manner that has interfered with the judicial process. Because discovery has not yet closed, there is still time for Lawson to remedy this error and prevent further interference. As such, this factor also does not weigh toward dismissing his claims.

### C. Lawson's Culpability.

On the issue of Lawson's culpability, the Court agrees with the movant. Regalado's counsel properly issued a deposition notice to Lawson's attorneys, who appeared at the scheduled deposition and who apparently communicated with Lawson to ensure he planned on attending. (ECF Nos. 91-1, 91-2.) Because Lawson has failed to respond to this motion or offer any explanation as to why his failure to appear was not willful—or why it was substantially justified—the Court agrees that Lawson is culpable for his conduct. This factor weighs in favor of granting the requested sanction.

### D. Whether Lawson was Warned in Advance of Dismissal.

Regarding the fourth factor—whether *the court* warned Lawson in advance that dismissal of his claims would be a likely sanction—the undersigned finds this factor weighs against dismissal. Regalado admits that "Plaintiff Lawson has not been directly warned in advance by the Court" that dismissal would be a probable sanction for discovery noncompliance. (ECF No. 91 at 4.) Still, he argues that because Lawson was represented

---

[5] The Court has previously addressed Plaintiffs' motion to compel Regalado to respond to discovery responses that were overdue by several months. (ECF No. 50.) The parties were eventually able to resolve that issue amicably. (*See* ECF No. 67.)

by counsel "who no doubt performed their duty to fully explain . . . in advance that appearing for his noticed deposition was not optional," sufficient notice existed. (*Id.*)

The focus of this factor, however, is not on what a party's counsel may or may not have told them, but on the notice provided by the court. *See Ehrenhaus*, 965 F.2d at 921 (courts should consider "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance"). Even in instances where no explicit warning was given, whether a party had "constructive notice" is "objectively based upon the totality of the circumstances (most importantly, the trial court's actions or words) . . . ." *Ecclesiastes 9:10-11-12*, 497 F.3d at 1150 (emphasis added). Because this Court has not provided Lawson with either explicit or implicit notice that such a harsh sanction was likely, this factor also weighs against dismissal.

### E. Efficacy of a Lesser Sanction.

Lastly, as to the efficacy of a lesser sanction, Regalado has not requested any lesser sanction in his motion. Instead, he argues that because Plaintiff ignored "the notice, . . . his own attorneys, and . . . his responsibilities as a party," no lighter sanction could compel his compliance.[6] (ECF no. 91 at 4.) The Court is not convinced. Considering this is the first time the undersigned has been required to step in and compel compliance, there is no evidence that Lawson will not be swayed by sanctions less severe than dismissal.

Courts have a strong predisposition to resolving cases on their merits, and dismissal as a sanction should be a last resort. The Court finds that the *Ehrenhaus* factors, on the whole, do not favor dismissal of Lawson's claims against Regalado for his failure

---

[6] The Court gives no weight to Lawson's actions in a prior criminal case. (ECF No. 91 at 4 & n.2.)

7

to attend the noticed deposition. The undersigned will not recommend dismissal of Lawson's claims.

## IV. Award of Fees & Other Sanctions

While dismissal is not proper, the Court finds that an award of reasonable expenses (including attorney fees) is required by Rule 37(d)(3). As Lawson's unilateral conduct appears to have necessitated the motion, expenses should be awarded against Lawson only. Regalado may file a motion detailing the reasonable expenses caused by Lawson's failure to appear, and Lawson will have an opportunity to respond to that motion.

The Court further finds that it is appropriate to order Lawson to appear for a deposition.

IT IS THEREFORE ORDERED that Defendant Regalado's Rule 37 Motion for Sanctions Against Plaintiff Lawson for Failure to Attend His Noticed Deposition (ECF No. 91) is GRANTED IN PART and DENIED IN PART. Regalado may file a motion for reasonable expenses (including fees) by March 17, 2023.

IT IS FURTHER ORDERED that Lawson appear at a new deposition, to be set by agreement of the parties on or before March 17, 2023.

Lawson is warned that failure to comply with this Court's orders may result in additional sanctions, which can include the dismissal of his claims against Regalado.

ORDERED this 3rd day of March, 2023.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT